IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACOB K. PANOWICZ | ) | Case Number: 8:23-cv-00483 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| CHARTER HEALTH HOLDINGS, INC. d/b/a | ) | |
| CHARTER HOME HEALTH OF OMAHA; | ) | |
| CHARTER HEALTH CARE GROUP, LLC; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COME NOW Defendants by and through the undersigned counsel, and for their Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

## PARTIES-VENUE-JURISDICTION

1.      Defendants admit paragraph 1 of the Plaintiff's Complaint.

2.      Defendants admit Paragraph 2 of the Plaintiff's Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Plaintiff's Complaint that Charter Health Care Group, LLC is a California corporation with its principal office located in Covina, California, but deny the remaining allegations in Paragraph 3.

4.      Defendants deny Paragraph 4 of the Plaintiff's Complaint.

5.      Defendants make no answer to Paragraph 5 of the Plaintiff's Complaint because it states a conclusion of law.

6.      Defendants make no answer to Paragraph 6 of the Plaintiff's Complaint because it states a conclusion of law.

7.      Defendants deny Paragraph 7 of the Plaintiff's Complaint.

## FACTUAL BACKGROUND

8.      Defendants deny Paragraph 8 of the Plaintiff's Complaint.

9.      Defendants deny Paragraph 9 of the Plaintiff's Complaint.

10.     Defendants deny Paragraph 10 of the Plaintiff's Complaint.

11.     Defendants deny Paragraph 11 of the Plaintiff's Complaint.

12.     Defendants deny Paragraph 12 of the Plaintiff's Complaint.

13.     Defendants deny Paragraph 13 of the Plaintiff's Complaint.

14.     Defendants admit the allegation in Paragraph 14 of the Plaintiff's Complaint that Larkin planned to travel to Omaha in early January 2022 and meet with Panowicz but deny the remaining allegations in Paragraph 14.

15.     Defendants admit the allegation in Paragraph 15 of the Plaintiff's Complaint that Larkin met with Panowicz on or about January 12, 2022 but deny the remaining allegations in Paragraph 15.

16.     Defendants deny Paragraph 16 of the Plaintiff's Complaint.

17.     Defendants deny Paragraph 17 of the Plaintiff's Complaint.

18.     Defendants deny Paragraph 18 of the Plaintiff's Complaint.

19.     Defendants deny Paragraph 19 of the Plaintiff's Complaint.

20.     Defendants deny Paragraph 20 of the Plaintiff's Complaint.

21.     Defendants deny Paragraph 21 of the Plaintiff's Complaint.

## COUNT I

## WHISTLEBLOWER RETALIATION

### Neb. Rev. Stat. § 48-1114(1)(c)

22.     Defendants deny Paragraph 22 of the Plaintiff's Complaint except for those allegations hereinbefore admitted, or those allegations which constitute admissions against the interest of the Plaintiff.

23.     Defendants deny Paragraph 23 of the Plaintiff's Complaint.

24.     Defendants deny Paragraph 24 of the Plaintiff's Complaint.

25.     Defendants deny Paragraph 25 of the Plaintiff's Complaint.

26.     Defendants deny Paragraph 26 of the Plaintiff's Complaint.

**COUNT II**

**NEBRASKA WAGE PAYMENT AND COLLECTION ACT**

**Neb. Rev. Stat. § 48- 1229 et seq.**

27.     Defendants deny Paragraph 27 of the Plaintiff's Complaint except for those allegations hereinbefore admitted, or those allegations which constitute admissions against the interest of the Plaintiff.

28.     Defendants admit that those entities meeting the definition of employer set forth in Neb. Rev. Stat. § 48-1229 are required to abide by the provisions of the Nebraska Wage Payment and Collection Act, but make no answer to the remaining allegations in Paragraph 28 of the Plaintiff's Complaint because they state conclusions of law.

29.     Defendants admit that those entities meeting the definition of employee set forth in Neb. Rev. Stat. § 48-1229 are required to abide by the provisions of the Nebraska Wage Payment and Collection Act, but make no answer to the remaining allegations in Paragraph 29 of the Plaintiff's Complaint because they state conclusions of law.

30.     Defendants deny Paragraph 30 of the Plaintiff's Complaint.

31.     Defendants deny Paragraph 31 of the Plaintiff's Complaint.

## COUNT III

## FALSE CLAIMS ACT ("FCA") WHISTLEBLOWER RETALIATION

### 31 U.S.C. § 3730(h)

32.     Defendants deny Paragraph 32 of the Plaintiff's Complaint except for those allegations hereinbefore admitted, or those allegations which constitute admissions against the interest of the Plaintiff.

33.     Defendants deny Paragraph 33 of the Plaintiff's Complaint.

34.     Defendants deny Paragraph 34 of the Plaintiff's Complaint.

35.     Defendants deny Paragraph 35 of the Plaintiff's Complaint.

36.     Defendants deny Paragraph 36 of the Plaintiff's Complaint.

37.     Defendants deny Paragraph 37 of the Plaintiff's Complaint.

## DAMAGES

38.     Defendants deny Paragraph 38 of the Plaintiff's Complaint except for those allegations hereinbefore admitted, or those allegations which constitute admissions against the interest of the Plaintiff.

39.     Defendants deny Paragraph 39, including all subparts, of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

5.     For their first affirmative defense, Defendants state Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

6.     For their second affirmative defense, Defendants state Plaintiff's alleged injuries, if any, were caused by the actions or inactions of others over whom this Defendant had no control.

7.     For their third affirmative defense, Defendants allege Defendants' fault, if any, should be compared to that of others under the Nebraska Comparative Fault Act.

4

WHERFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request this Court dismiss Plaintiff's Complaint, with prejudice, all costs taxed to the Plaintiff.

## JURY DEMAND

Defendants request a trial by jury in this matter on all issues so triable.

Dated: January 11, 2024

By      */s/ Earl G. Greene, III*
       Earl G. Greene, III (#17054)
       Email: eggreene@grsm.com
       Katie S. Wayne (#24745)
       Email: kwayne@grsm.com
       Shay P. Talbitzer (#27437)
       Email: stalbitzer@grsm.com
       GORDON AND REES, LLP
       301 South 13th Street, Suite 400
       Lincoln, NE  68508
       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

It is hereby certified on the 11th day of January, 2024 the above and foregoing document was served via email to all counsel of record as properly addressed below:

Jennifer Turco Meyer
Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
Jennifer@dyerlaw.com

_____/s/ Earl G. Greene, III_____